PW:PMP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M-05- 773**

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

LEONARD SANTALUCIA,

             Defendant.

C O M P L A I N T

(21 U.S.C. § 846)

- - - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

        Edward Corcoran, being duly sworn, deposes and states that he is a Detective with the New York Police Department ("NYPD) who is assigned to the Drug Enforcement Task Force, duly appointed according to law and acting as such.

        Upon information and belief, in or about and between July 2004 and June 9, 2005, within the Eastern District of New York and elsewhere, the defendant LEONARD SANTALUCIA did knowingly, intentionally and unlawfully conspire to possess with intent to distribute a substance containing ketamine, a Schedule III controlled substance in violation of Title 21, United States Code, Section 841.

        (Title 21, United States Code, Section 846.)

        The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

1.    During the course of a joint investigation with
Drug Enforcement Administration ("DEA") agents in Philadelphia,
Pennsylvania into the illegal distribution of controlled
substances over the internet, Philadelphia DEA agents informed me
that they had learned of an individual named LEONARD SANTALUCIA
who they believed was purchasing ketamine that was being supplied
by a target of the investigation.

2.    Between approximately July 2004 and April 2005,
Philadelphia agents obtained emails between an individual in
Virginia using the name "Millerlight," and an individual located
in India named Brij Bansal, which discussed Bansal's distribution
of "K Powder" to "Millerlight" and others, at "Millerlight's"
direction.

3.    Based on my experience and knowledge of this
investigation, I believe "K Powder" refers to ketamine.

4.    The emails between "Millerlight" and Bansal
indicated that "Millerlight" arranged for ketamine to be shipped
to the defendant LEONARD SANTALUCIA on a number of occasions.
For example, on February 15, 2005, Brij Bansal sent an email to
"Millerlight" that stated:

> Dear sir,
>
> Good news is that the keys have reached USA.
> 3 Keys will be despatched [sic] on Tuesday on
> the following address
>
> Len Santalucia
> 489 West End Ave. apt #1
> New York, NY 10024
>
> Please give me further instructions for
> delivery.   Thanks, Brij

3

5. Based on my experience and knowledge of this investigation, I believe the reference to "keys" in this email refers to kilogram quantities of ketamine.

6. Philadelphia agents were able to obtain tracking numbers for some of the shipments to the defendant. They determined that the shipments originated from a United States postal facility in Islip, New York.

7. In or about the first week of March, Philadelphia agents notified New York agents that they had intercepted emails indicating that "Millerlight" had arranged for the shipment of ketamine to LEONARD SANTALUCIA at 489 West End Avenue, Apartment 1, Manhattan, New York. I, along with other agents, attempted to seize the delivery, but were unable to reach it in time.

8. Philadelphia agents provided me with the tracking number for this package. With the assistance of a postal inspector, I determined that the package was successfully delivered to the defendant. Using this tracking number, Philadelphia agents determined that this shipment was sent from a United States postal facility in Islip, New York.

9. On or about April 19, 2005, "Millerlight" was arrested by DEA agents from Philadelphia for distributing controlled substances. He ultimately agreed to cooperate with the government.

10. In or about May, 2005, LEONARD SANTALUCIA contacted "Millerlight" by email and ultimately asked to buy ten

4

kilograms of ketamine from him.  For example, on May 18, 2005,
the defendant wrote to "Millerlight,"

> "I am so ready to grab those 10 from you gys
> but, i am having a hard time finding where i
> am going to have it sent and where i am gonna
> keep it."

11.  At the direction of law enforcement, "Millerlight"
continued communicating with the defendant by email.  Over the
course of several emails, "Millerlight" and the defendant
ultimately arranged for the defendant to buy 10 kilograms of
ketamine from "Millerlight" for $120,000.

12.  During the first week of June 2005, "Millerlight"
received $120,000 in cash from the defendant through the U.S.
Postal Service ("USPS").

13.  In emails throughout the first week of June 2005
between "Millerlight" and the defendant, "Millerlight" arranged
with the defendant, in sum and substance, to have an associate of
"Millerlight's" named "Mark" meet him in Manhattan to drop off
the ketamine.

14.  On or about June 3, 2005, a DEA agent posing as
"Mark" ("the undercover") spoke with the defendant by telephone,
and stated that he could also provide the defendant with
"ecstacy."  The defendant ultimately requested 1,000 pills of
ecstacy, or MDMA, from the undercover agent.

15.  On or about June 9, 2005, the undercover agent
received a telephone call from the defendant, during which they
arranged for the undercover to meet the defendant near the
defendant's place of business.

5

16. At approximately 3:00 p.m., the defendant met the undercover agent on 34th Street and 10th Avenue in Manhattan. During the course of the conversation, the defendant asked the agent, in sum and substance, if it was the "right stuff," and complained that he been shorted in the past.

17. After a conversation that lasted approximately ten minutes, the two men agreed to get into the agent's car, where the defendant was to receive the ketamine. At this point, DEA agents arrested the defendant.

18. After he was advised of his Miranda rights, the defendant stated, in sum and substance, that he did distribute ketamine to customers, and that he was picking up the ecstasy as a favor to a friend.

WHEREFORE, your deponent respectfully requests that the defendant LEONARD SANTALUCIA be dealt with according to law.

Edward Corcoran
Detective
New York Police Department
Drug Enforcement Task Force

Sworn to before me this
10th day of June, 2005

UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK